IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DANNEL MAURICE MITCHELL,**  )<br>                                                     )<br>           **Plaintiff,**                      )<br>                                                     )<br>**vs.**                                          )<br>                                                     )<br>**DENNISON,**                            )<br>**HUTCHISON,**                         )<br>**PENDER,**                               )<br>**OFFICER DURHAM,**              )<br>**LT. DURHAM,**                       )<br>**ETIENNE,**                             )<br>**S, ENGKERM**                       )<br>**S, HILEMAN,**                       )<br>**B. ALLARD, and**                  )<br>**JOHN BALDWIN**                  )<br>                                                     )<br>           **Defendants.**                  ) | Case No. 16−cv−1189−MJR |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Dannel Mitchell, formerly an inmate in Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks monetary damages.

Plaintiff originally filed this suit on October 27, 2016. (Doc. 1). Prior to threshold screening, Plaintiff filed a voluntary motion to dismiss the case, (Doc. 5), which the Court granted on November 16, 2016. (Doc. 7). The dismissal was without prejudice. (Doc. 7). On December 9, 2016, a mere three weeks later, Plaintiff filed an Amended Complaint. (Doc. 12). The Court therefore re-opens this case, and screens the Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

1

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Amended Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## The Complaint

Plaintiff was transferred into cell 2.B.26 in June of 2016. (Doc. 12, p. 4). He immediately noticed that he could not open and close the window from the inside because the window was broken. *Id.* Plaintiff complained to 2 wing officers about the broken window. *Id.* Plaintiff was especially concerned because he is HIV positive and has a compromised immune

system; Plaintiff wanted to avoid being sick. *Id.* Plaintiff complained in June, because he wanted to have the window working by fall. *Id.*

On October 2, 2016, Plaintiff asked Lt. Durham to close his window, but Lt. Durham told Plaintiff it wasn't his problem. *Id.* Plaintiff then asked Penden and Officer Durham to close the window, but they ignored him. (Doc. 12, p. 5). Plaintiff then wrote letters to Dennison, Hutchison, Etienne, Engler, Hileman, and Allard on October 3 and 4 regarding his window. *Id.* Plaintiff alleges that the broken window exposed him to a cold environment. *Id*. He alleges that he suffered from a severe cold, headaches, sleepless nights, numbed hands and feet, and extreme pain. *Id.* He further alleges that he suffered from depression, bafflement, anxiety, hopelessness, and helplessness. *Id*. Plaintiff asked for a winter hat, but never received on. (Doc. 12, p. 6).

Rule 201 of the Federal Rules of Evidence permits a Court to take judicial notice of "a fact that is not subject to reasonable dispute because it: 1) is generally known within the trial court's territorial jurisdiction; or 2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See also Newcomb v. Brennan*, 558 F.2d 825, 829 (7th Cir. 1977). The Court therefore on its own takes judicial notice of the historical weather data for Vienna, Illinois in September and October 2016. In September 2016, the average high temperature was in the 80s while the average low temperature was in the 60s.[1] Accuweather, http://www.accuweather.com/en/us/vienna-il/62995/september-weather/332726?monyr=9/1/2016 (last accessed January 6, 2017). In October 2016, the average high temperature never dipped below 70 degrees and the average low temperature stayed consistently around 50 degrees. Accuweather, http://www.accuweather.com/en/us/vienna-il/62995/october-weather/332726?monyr=10/1/2016 (last accessed January 6, 2017). In

---

[1] All temperature data referred to in this order is in Fahrenheit degrees.

particular, the high/low temperatures for October 2, 3, and 4 were 77/56 degrees, 77/53 degrees, and 85/54 degrees, respectively. *Id*. On October 27, 2016, the day this suit was filed, the high temperature was 67 degrees, and the low temperature was 47 degrees. *Id*.

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 1 count. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1 –** Defendants were deliberately indifferent to the unconstitutional condition of confinement caused by the broken window in Plaintiff's cell.

Plaintiff's allegations are clearly frivolous, and his Amended Complaint will be dismissed with prejudice. Prisoners have an Eighth Amendment right to adequate shelter, including a right to protection from cold. *See Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997). To assess whether cold cell temperatures constitute cruel and unusual punishment, courts must consider factors including "the severity of the cold; its duration; whether the prisoner has alternative means to protect himself from the cold; the adequacy of such alternatives; as well as whether he must endure other uncomfortable conditions as well as cold." *Id.* at 644; *see also Palmer v. Johnson*, 193 F.3d 346 (5th Cir. 1999) (finding that exposure to extreme cold for 17 hours could constitute Eighth Amendment violation); *Henderson v. DeRobertis*, 940 F.2d 1055, 1058 (7th Cir. 1991) (finding that deprivation of blankets for four days in sub-freezing temperatures could constitute Eighth Amendment violation). The cold need not present an imminent threat to the inmate's health to implicate the Eighth Amendment. *See Dixon*, 114 F.3d at 642.

However, where an inmate fails to show that he was forced to remain in the cold for long periods of time, or does not establish that he suffered unusual deprivations, his complaint may

not rise to the level of a constitutional violation. *See Mays v. Springborn,* 575 F.3d 643, 648-49 (7th Cir. 2009) (prisoner who had hurt ears, numb hands, feelings of frostbite, and caught colds because he was never issued adequate winter clothing showed only that he was subject to the "usual discomforts of winter," not the objectively serious harm required to state an Eighth Amendment claim). In *Hadley v. Peters*, the Seventh Circuit upheld the dismissal of an inmate's claim where the evidence showed that the temperatures in the inmate's area ranged from 29 to 68 degrees. 12 F.3d 1100 (table), 1993 WL 475407 at *1 (7th Cir. November 18, 1993).

Plaintiff's allegations regarding the "cold environment" he experienced are completely baseless. The average temperatures during the relevant time periods stayed between 50 and 80 degrees. Moreover, the average low temperatures during that time represented daily nighttime temperatures; there were no days during the relevant time period where the temperature failed to reach at least 61 degrees. At no time did the temperature dip into the kind of severe cold that would raise constitutional issues. *See Allen v. Ashcroft*, 03-441-MJR, 2006 WL 1882672 at *6 (S.D. Ill. July 7, 2006) (finding Plaintiff's allegations baseless where the lowest temperature recorded was 41 degrees Fahrenheit). In fact, the temperature never fell below freezing at all. And Plaintiff never alleged that he was deprived of blankets or clothing, suggesting that he had adequate protection from the moderate to warm temperatures he experienced during the relevant time period. He has alleged that he was not given a winter hat, but Plaintiff has also made that allegation in another lawsuit and complained that the condition went back to 2015. (*See* Case No. 16-cv-97, Doc. 1-1, p. 8). Plaintiff cannot raise duplicative claims in this lawsuit. Plaintiff has also not alleged that there were other unconstitutional conditions of confinement that exacerbated the cold.

Although Plaintiff claims to have suffered a cold as a result of the failure to close the window, according to the medical records submitted by Plaintiff, he had been experiencing cold symptoms since September 7, 2016, a day where the high temperature was 97 degrees and the low temperature was 70 degrees. (Doc. 12-2, p. 3). Simply put, Plaintiff's allegations are baseless, he has not adequately pleaded a claim based on unconstitutionally cold conditions because all he has alleged is that his cell had an open window during a period of moderate to warm temperatures, and the harm he alleges he suffered could not have been caused by the temperature in his cell since he began experiencing cold symptoms when the temperature could only be described as "hot." This case will be dismissed with prejudice and Plaintiff will be assessed a strike.

## Pending Motions

On December 19, 2016, Plaintiff filed a Motion to Request Documents. (Doc. 15). Apparently, that Motion was filed in all of Plaintiff's pending cases. Magistrate Judge Williams denied Plaintiff's Motion in two cases, 16-cv-97-MJR-SCW and 16-cv-0487-MJR-SCW on the grounds that Plaintiff had asked for and been granted a courtesy copy of his Complaint in case no. 16-cv-97, and then was specifically instructed that would be a one-time occurrence. For the sake of consistency and because the dismissal of this case likely renders Plaintiff's request moot, the Court **DENIES** Plaintiff's request for a copy of his Complaint. (Doc. 15). The Court notes that Plaintiff requested the Complaint, not the Amended Complaint. The Complaint is no longer operative in this case because an Amended Complaint has been filed.

As the Court will dismiss this case with prejudice, Plaintiff's request for an attorney is **MOOT**. (Doc. 14).

**Disposition**

**IT IS HEREBY ORDERED** that this case shall be **DISMISSED with prejudice** because Plaintiff's claim is frivolous. This dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[2] FED. R. APP. 4(a)(4).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: January 12, 2017**

s/ MICHAEL J. REAGAN
**U.S. District Judge**

---

[2] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).